# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JAMIE ELLIS, SR.**                                                                 **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 4:13-cv-175-DMB-JMV**

**ANEL CORP.**                                                                        **DEFENDANT**

## ORDER DENYING MOTION TO QUASH DEFENDANT'S SUBPOENAS

This matter is before the court on Plaintiff's Motion to Quash Defendant's Subpoenas [16]. Upon due consideration of the motion, the court finds it is not well taken and should be denied.

The motion seeks to quash the subpoenas served on four individuals and entities: Dr. James Withers, Dr. Ishad Ali, Montfort Jones Memorial Hospital, and Roos Pool and Spa. Plaintiff argues the subpoenas request irrelevant, unnecessary, overbroad, and burdensome information in violation of the factors set forth by the Fifth Circuit in *Wiwa v. Royal Dutch Petroleum Company*. 392 F.3d 812, 818 (5th Cir. 2004) ("[T]he court considers the following factors [to determine whether to quash a subpoena]: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."). The court finds the subpoenas, as issued, should not be quashed because they satisfy the elements set forth in *Wiwa*. The subpoenas issued seek medical treatments records of the Plaintiff, whose medical condition is at issue in this case. The court finds the explanations made by the Defendant in support of the subpoenaed records' relevancy adequate since the requests appear reasonably calculated to lead to the discovery of admissible evidence. Further, the requests are not overly broad in scope or time and compliance

does not impose an undue hardship.  Of course, the fact that the documents are discoverable does not mean the documents are admissible at trial, nor that the plaintiff may not hereafter be entitled, upon a proper motion, to entry of a protective order to prohibit unnecessary discloser of same.

Further, most of the documents requested, specifically the subpoenas issued to Dr. James Withers, Montfort Jones Memorial Hospital, and Roos Pool and Spa, have already been produced by those entities.  Had Plaintiff desired a ruling prior to production of those documents, it was incumbent on him to comply with Rules 37 and 45 of the Federal Rules of Civil Procedure and, specially, with the Local Rules of this District.  FED. R. CIV. P. 37; FED. R. CIV. P. 45. "Motions regarding subpoenas will be considered discovery motions and are governed by the procedural requirements that govern discovery motions." L.U.Civ.R. 45(e).  Pursuant to Local Uniform Civil Rule 37, the filing of a motion to quash a subpoena does not stay the response to that subpoena.  L.U.Civ.R. 37(d).  In order to stay the response, the party seeking protection of the court must obtain a ruling on the motion to quash before a response to the subpoena is filed. *Id.*  The moving party filing a motion on such an urgent or necessitous matter must contact the court and arrange a definite time and place for the motion to be heard.  L.U.Civ.R. 7(b)(8).  They must also file written notice to all parties of the time and place of the hearing as well as serve all documents upon other parties.  *Id.*  Plaintiff did not comply with the foregoing; therefore, his motion to quash the subpoenas to which a response has already been made is necessarily moot. As to the subpoena to Dr. Ishad Ali, which the Defendant states it has not received a response, the court finds no satisfactory reason to quash that subpoena as discussed above.

**THEREFORE, IT IS ORDERED** that the Plaintiff's Motion to Quash Defendant's Subpoenas is hereby **DENIED**.

**SO ORDERED** this 28th day of March, 2014.

<u>/s/Jane M. Virden</u>
**UNITED STATES MAGISTRATE JUDGE**